**U.S. GOLD & SILVER INVESTMENTS, INC., an Oregon corporation, Plaintiff,**

**v.**

**DIRECTOR, U.S. MINT, and J. Aron & Co., a New York partnership, Defendant.**

**Civ. No. 86–162FR.**

United States District Court, D. Oregon.

March 6, 1987.

---

Thomas G.P. Guilbert, Portland, Or., for plaintiff.

Charles H. Turner, U.S. Atty., D. Or., Craig J. Casey, Asst. U.S. Atty., Portland, Or., for defendant.

## ORDER

FRYE, Judge:

Defendant United States of America, ex rel Director, United States Mint, (the Government), moves for summary judgment, pursuant to Fed.R.Civ.P. 56(b), against plaintiff U.S. Gold and Silver Investments, Inc., (U.S. Gold and Silver) on the ground that there are no genuine issues of material fact and that it is entitled to prevail as a matter of law.

This is an action under the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq., by U.S. Gold and Silver against the Government and J. Aron & Co. U.S. Gold and Silver asserts that defendants have infringed its trademark "U.S. Gold and Silver" by marketing gold medallions under the name "U.S. Gold".

## UNDISPUTED FACTS

In 1978, Congress through the American Arts Gold Medallion Act, P.L. 95–630, Title IV, directed the United States Mint to produce and sell gold medallions each year for five years in order to honor Americans who have contributed to the arts. The medallions were coined and sold, but after two years of low sales, the United States Mint sought bids from private contractors to market the medallions. Defendant J. Aron & Co. was awarded the contract in December, 1982.

J. Aron & Co. marketed the gold medallions with the words "U.S. Gold" accompanied by the letters "TM". The letter "o" in the word Gold was a picture of a gold medallion. The United States Mint shared advertising expenses with J. Aron & Co. and retained the right to disapprove of all proposed advertising copy within 10 days of its submission to the United States Mint by J. Aron & Co.

In June, 1983, U.S. Gold & Silver sent a letter to the President of the United States with a copy to the Director of the United States Mint apprising them that it had exclusive rights to the trademark "U.S. Gold." The United States Mint determined that there was no legal merit to U.S. Gold & Silver's contentions and apparently directed J. Aron & Co. to continue to market the gold medallion under the name "U.S. Gold."

In March, 1985, U.S. Gold & Silver filed a claim under the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq., with the United States Mint. The United States Mint rejected the claim as being defective under the Federal Tort Claims Act and its applicable regulations, or in the alternative assuming the claim was properly filed, on the grounds that the claim lacked legal merit. U.S. Gold & Silver then filed this suit.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only where there is no genuine issue of any

material fact or where viewing the evidence and the inferences which may be drawn from the evidence in the light most favorable to the adverse party the movant is entitled to prevail as a matter of law. *Filco v. Amana Refrigeration, Inc.,* 709 F.2d 1257, 1260 (9th Cir.1983). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* — U.S. —, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The moving party has the burden of establishing the absence of a genuine issue of material fact, but the plaintiff is not thereby relieved of his own burden of producing evidence which would support a jury verdict. *Id.* 106 S.Ct. at 2514. Summary judgment may be granted if the evidence produced is merely colorable or is not significantly probative *Id.* at 2511.

## CONTENTIONS OF THE PARTIES

The Government maintains that the decisions that it made in connection with the American Arts Gold Medallion program were policy decisions which were discretionary and that it is therefore exempt from suit under 28 U.S.C. § 2680(a) which bars:

> "[a]ny claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance of the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused."

The acts of the Government were 1) to market gold medallions through J. Aron & Co., granting to J. Aron & Co. the full responsibility for the sales of the medallions; 2) to approve the advertising campaign for the sale of the medallions and to provide a substantial portion of the funding for the advertising campaign; and 3) to approve the use by J. Aron & Co. of the trade name "U.S. Gold" and of a service mark to designate the medallions.

U.S. Gold & Silver contends that J. Aron & Co.'s use of its trade name and service mark, a use which was approved by the Government, was unlawful and caused it damage and that the Government is not exempt from suit under either 28 U.S.C. § 2680(a) or 28 U.S.C. § 2680(*l*). U.S. Gold & Silver does not contend that the United States Mint's coinage and then sale of gold medallions through J. Aron & Co. were unlawful or caused it damage.

## DISCUSSION AND RULING

The Federal Tort Claims Act waives the sovereign immunity of the United States government in a few limited areas. The Federal Tort Claims Act does not waive the immunity of the government when a discretionary duty or function of a government employee is involved even when the act of the employee in performing the discretionary duty is an abuse of discretion. The Supreme Court in *Dalehite v. United States,* 346 U.S. 15, 36, 73 S.Ct. 956, 968, 97 L.Ed. 1427 (1953) described discretionary duty or functions as:

> "more than the initiation of programs and activities. It also includes determinations made by executives or administrators in establishing plans, specifications or schedules of operations. Where there is room for policy judgment and decision there is discretion. It necessarily follows that acts of subordinates in carrying out the operations of government in accordance with official directions cannot be actionable.

In *United States v. S.A. Empresa De Viacao Aerea Rio Grandense (Varig Airlines),* 467 U.S. 797, 104 S.Ct. 2755, 81 L.Ed.2d 660 (1984), the Court set out two factors that should be considered when determining whether the discretionary function exception should apply:

> "First, 'it is the nature of the conduct, rather than the status of the actor, that governs whether the discretionary function exception applies in a given case....

 

Thus, the basic inquiry concerning the application of the discretionary function exception is whether the challenged acts of a Government employee [exercising discretion]—whatever his or her rank—are of the nature and quality that Congress intended to shield from tort liability.'" *Begay v. United States*, 768 F.2d 1059 (9th Cir.1985), *quoting, Varig*, 467 U.S. at 813, 104 S.Ct. at 2764.

"Second, 'Congress wished to prevent judicial "second guessing" of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort.' Therefore, if judicial review would encroach upon this type of balancing done by an agency, then the exception would apply." *Id.*

■ The court must examine these factors in the light most favorable to U.S. Gold & Silver since it is the party who is opposing the motion for summary judgment. The decisions made by the Government to approve the use of the service mark "U.S. Gold" for the American Arts Gold Medallion and to continue to subsidize advertisements using the service mark "U.S. Gold" was based on its judgment that it was either not infringing U.S. Gold & Silver's trademark or, alternatively, that U.S. Gold & Silver had not stated a claim under the FTCA and that the best course of action was to proceed with the current marketing strategy. This type of decision-making is of the nature and quality that Congress intended to shield from tort liability under the discretionary functions exception to the Federal Tort Claims Act and which would entail judicial second-guessing to review the balancing done by the government since it involved economic policy considerations. The decision was therefore a discretionary function and the government is exempt from suit under the Federal Tort Claims Act. The Court need not address the other issues raised by the parties.

The government is entitled to prevail on its motion for summary judgment. It is hereby ordered that the Government's motion for summary judgment is granted.