## U.S. GOLD & SILVER INVESTMENTS, INC., Plaintiff–Appellant,

### v.

## The UNITED STATES of America ex rel. DIRECTOR, U.S. MINT; J. Aron & Company, Defendants–Appellees.

### No. 87–4069.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 10, 1989.

Decided Sept. 15, 1989.

Thomas G.P. Guilbert, Portland, Or., for plaintiff-appellant.

Wendy M. Keats, Dept. of Justice, Washington, D.C., and Melvin A. Brosterman, New York City, for defendants-appellees.

Before SCHROEDER, POOLE and NELSON, Circuit Judges.

### OPINION

PER CURIAM:

The plaintiff in this action is U.S. Gold & Silver Investments, Inc., a company engaged in the business of selling gold bullion and other metals. It brought this action against the United States and J. Aron & Company ("Aron") claiming that the United States Mint and Aron misappropriated the plaintiff's trade name when they marketed and sold gold medallions, minted by the United States, under the name "U.S. Gold." The plaintiff sought damages against the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 2671–2680 (1982) (FTCA), and against Aron under section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) (1982). The district court awarded summary judgment in favor of each defendant in two separate reported opinions. *U.S. Gold & Silver Invs., Inc. v. Director, U.S. Mint*, 656 F.Supp. 380 (D.Or.1987); 682 F.Supp. 484 (D.Or.1987).

The basic underlying facts and the rationale for the district court's analysis of the merits of plaintiff's trade name infringement claim are set forth in the district court's opinion reported at 682 F.Supp. 484. The district court held that the plaintiff had shown no protectable interest in the trade name "U.S. Gold" because the term is descriptive and was not shown to have acquired secondary meaning. *Id.* at 487–89. We affirm the district court's decision in favor of Aron for the reasons stated in its opinion.

In its earlier opinion in favor of the United States government, the district court did not discuss the merits of the infringement claim. It awarded summary judgment for the government under the FTCA, accepting

the United States government's theory that any misappropriation of plaintiff's trade name by the United States fell within the FTCA's "discretionary function" exception, 28 U.S.C. § 2680(a). *See* 656 F.Supp. at 382–83. We affirm the district court's dismissal of the action against the United States, but upon a different ground.

■■■ We need not reach the government's argument that this claim falls within the FTCA's discretionary function exception, because the complaint does not state a claim within the purview of the FTCA in the first instance. The FTCA waives immunity from liability on the part of the United States for tortious conduct to the same degree that private individuals would be liable. 28 U.S.C. § 2674. Liability is determined by the law of the state in which the tortious activity took place. 28 U.S.C. § 1346(b) (1982). Thus, as the Supreme Court has stated, "an action under FTCA exists only if the State in which the alleged misconduct occurred would permit a cause of action for that misconduct to go forward." *Carlson v. Green,* 446 U.S. 14, 23, 100 S.Ct. 1468, 1474, 64 L.Ed.2d 15 (1980); *see generally* 2 L. Jayson, *Handling Federal Tort Claims: Administrative and Judicial Remedies* § 218.01 (1988). The sole basis for plaintiff's claim alleged in this complaint, however, is violation of a federal statute, the Lanham Act. The FTCA is not intended to encompass such a claim.

We do not express any opinion as to whether the United States may be sued directly under the Lanham Act; nor do we foreclose an FTCA suit against the United States for common law trade name misappropriation under the law of the State of Oregon or any other state. We hold only that the complaint in this case fails to state a claim which would bring into play the provisions of the FTCA.

We also need not consider whether this complaint could be amended to state a claim redressable against the United States. Permitting amendment would be futile, as the merits of any amended claim could be no stronger than the merits of plaintiff's claim against Aron. We are in

full agreement with the district court's decision and opinion awarding summary judgment to Aron on the merits of that claim because plaintiff has not demonstrated a protectable interest in the trade name "U.S. Gold". *See* 682 F.Supp. at 487–89.

The judgment of the district court dismissing plaintiff's complaint is AFFIRMED. The opinion of the district court reported at 682 F.Supp. 484 is approved. The opinion of the district court reported at 656 F.Supp. 380 is VACATED.